# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KATIE KIRN, ALLISON SLEEZER, ANGELA CARR, ANGELA OTIS, CAROL CRONK, CATHERINE TOMLINSON, CHARLES LEROY, CHRISTINA COTE, CHRISTINA GRUBE-RHINES, CORI GARDNER, DAVID VELLA, DEANNA BROWN, DIANE DECLERK, DONETTA LOWE, DOROTHY PEYROLO, ELAINE ALLEN, JACQUELINE DONBROSKY, JANELLE BALANGNA, JAROSLAW BUDA, JENNI PALENCIK, JESSICA VEENSTRA, JILLIAN CURNOW, JOHN SOPER, KAREN NELSON HEA, KELLIE ERBSKORN, KELLY BOROM-JOHNSON, KIETH A. MCCONNELL, KIMBERLY BROWN, KIMBERLY JAQUISH, KRISTEN NOBLE, LAURYN SWIACKI, LISA ALLEN, LUMINITA WEIDE, LYNN KUEPPERS, LYNNSEY MCCOY, MARIE GALDES, MARLENE RANKIN, MARTHA BUCK, MELISSA MURPHY, MICHELE WILSON, MICHELLE LOCKHART, MOEHANID TALIA, NATHAN MIKLUSAK, NICOLE BAYONES, NICOLE COLLINS, PATRICIA ANDERSON, PAULA LOCKHART, ROBERT KUSZA, SHERRY KAHARI, STEVEN CROSSLEY, TIFFANY LONG,<br><br>Plaintiffs,<br>v.<br><br>HENRY FORD HEALTH SYSTEM, WRIGHT LASSITER III, ROBERT G. RINEY, AND ADNAN MUNKARAH,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, by and through counsel, Kyle J. VonAllmen, and Thomas Renz, and bring this action against the above listed Defendants, **HENRY FORD HEALTH SYSTEM, ("HFHS" or Defendant) WRIGHT LASSITER III, ROBERT G. RINEY,** and **ADNAN MUNKARAH. ("Defendants")** on the grounds set forth herein:

## I.   FACTUAL BACKGROUND

1.  On June 29, 2021, HFHS distributed its Mandatory Vaccines Policy ("The Mandate") document (ExhibitA, attached hereto). As the Policy states:

    *The purpose of this policy is to establish guidelines for compliance with mandatory Tetanus, Diphtheria, and Pertussis (Tdap); Measles, Mumps, and Rubella (MMR); Seasonal Influenza; and COVID-19 vaccinations for all HFHS employees and volunteers* **to ensure thehealth and safety of HFHS employees, patients, visitors, and others** *(emphasis added).*

2.  It was further communicated to all contractors and employees of HFHS that they must become compliant with the directive to receive the COVID-19 vaccine on or before September10, 2021.

3.  It was further communicated by HFHS management that those who are not compliant withing the stated timeframe will be suspended, and given until October 1, 2021, to remediate their non-compliance. This essentially gave those subject to the Mandate until September 1, 2021, to receive the first of a two-dose COVID-19 vaccine—or face imminent termination.

4.  Defendants' policy document contains a stated goal of protecting the health of their employees and others, but actually subjects its employees to injury based on expert testimony attached hereto as Exhibit (B), and injury statistics compiled by the Centers for Disease Control's ("CDC") Vaccine Adverse Event Reporting System ("VAERS").

2

5. Mass-promoted COVID-19 injections have already killed and seriously injured hundreds of thousands of people according to the government's own VAERS database. The 'vaccines' from Moderna, Johnson & Johnson, and Pfizer have killed more than twice as many people in less than a year than all other vaccines combined since the government set up its VAERS reporting system in 1990.

6. Data reported through the VAERS system, as of August 20, 2021, indicates that 13,627 deaths have occurred in the U.S. as a result of COVID-19 'vaccines.' Additionally, 2,826,646 injuries, 17,794 permanent disabilities, 74,369 emergency room visits, 55,821 hospitalizations, and 14,104 life threatening events have been reported to VAERS through August 20,20210. (vaers.hhs.gov/)

7. Attached hereto (Exhibit D) is a declaration of a federal employee who has calculated that the morbidity figures captured by VAERS are underreported by a factor of 5. VAERS has traditionally underreported 'vaccine' events, lending credibility to this claim. Based on this testimony, at least 65,000 Americans have lost their lives to these 'vaccines'. (This individual has chosen to remain anonymous at this point, due to a fear of reprisal for revealing this information)

8. Plaintiffs are employed in an industry that requires high levels of education, training, and experience.  The Mandate requires that Plaintiffs choose between exposing themselves to potential harm or death or abandon their careers in health care.

9. Defendants' actions to implement compulsory COVID-19 vaccine shots as a condition of continuing employment is both unconstitutional and has caused money damages to Plaintiffs.  Additionally, the actions of Defendants subjects Plaintiffs to a significant likelihood of bodily harm.

## II.  PARTIES

**10.**   Plaintiff KATIE KIRN is a registered nurse and unit educator ostensibly employed by Defendants at Henry Ford West Bloomfield Hospital. Ms. Kirn has been repeatedly harassed by HFHS management for participating in local government exchanges. To date she has not been advised of her employment status, but if she has been terminated, it is because of the Mandate that is the subject of this case.

**11.**   Plaintiff ALLISON SLEEZER is employed by Defendants as a registered nurse working in the communicable disease response unit at the Henry Ford Health System Main Campus.

**12.**   Plaintiff ANGELA CARR is currently employed by Defendants as a registered nurse and quality education coordinator at Henry Ford Allegiance Hospital Hospice.

**13.**   Plaintiff ANGELA OTIS is currently employed by Defendants as a registered nurse at Henry Ford Macomb Hospital.

**14.**   Plaintiff CAROL CRONK is currently employed by Defendants as a registered nurse at Henry Ford West Bloomfield Hospital.

**15.**   Plaintiff CATHERINE TOMLINSON is currently employed by Defendants as a post-acute registered nurse case manager at Henry Ford hospital Main Campus.

**16.**   Plaintiff CHARLES LEROY is employed by Defendants as a cardiology stepdown nurse at Henry Ford Health System Main.

**17.**   Plaintiff CHRISTINA COTE is employed by Defendants as a contingent registered nurse at Henry Ford Health System Wyandotte.

**18.** Plaintiff CHRISTINA GRUBE-RHINES is currently employed by Defendants as a registered nurse at Henry Ford Wyandotte and Main Campus.

**19.** Plaintiff CORI GARDNER is currently employed by Defendants as a pharmacy technician at Henry Ford Health System Brownstown.

**20.** Plaintiff Dr. DAVID VELLA is a physician employed by Defendants at Henry Ford Health System Commerce Township.

**21.** Plaintiff DEANNA BROWN is currently employed by Defendants in case management at Henry Ford West Bloomfield Hospital.

**22.** Plaintiff DIANE DECLERK is currently employed by Defendants as a contingent respiratory therapist at Henry Ford Macomb Pulmonary Rehab Center.

**23.** Plaintiff DONETTA LOWE is currently an employee of Henry Ford Health System.

**24.** Plaintiff DOROTHY PEYROLO is currently employed by Defendants as a certified pharmacy technician at Henry Ford Health System Sterling Heights.

**25.** Plaintiff ELAINE ALLEN is currently employed by Defendants as a medical assistant at Henry Ford Allegiance Hospital Jackson.

**26.** Plaintiff JACQUELINE DONBROSKY is currently employed by Defendants as a registered nurse at Henry Ford Hospital Main Campus.

**27.** Plaintiff JANELLE BALANGNA is employed by Defendants as a contingent registered nurse at Henry ford Hospital West Bloomfield.

**28.** Plaintiff JAROSLAW BUDA, is currently employed by Defendants as a registered nurse at Henry Ford Health System Brownstown.

29. Plaintiff JENNI PALENCIK is currently employed by Defendants within their Admission Transfer Office at the Henry Ford Hospital Maine Campus.

30. Plaintiff JESSICA VEENSTRA is currently employed by Defendants as a contact center advocate at Henry Ford New Center One.

31. Plaintiff JILLIAN CURNOW is currently employed by Defendants as a contingent registered nurse at Henry Ford Health System Wyandotte Hospital.

32. Plaintiff, JOHN SOPER is a pharmacy technician employed by Defendants at Henry Ford West Bloomfield Hospital.

33. Plaintiff KAREN NELSON HEA, is currently an employed by Defendants at Henry Ford Macomb Walk-In Clinic-Richmond, Michigan.

34. Plaintiff KELLIE ERBSKORN is employed by Defendants as a clinical unit leader at Henry Ford Health System Allegiance.

35. Plaintiff KELLY BOROM-JOHNSON is currently employed by Defendants as a credentialing analyst at Health Alliance Plan in Troy, Michigan.

36. Plaintiff KIETH A. MCCONNELL is currently an employee of Henry Ford Health System.

37. Plaintiff KIMBERLY BROWN is employed by Defendants as a registered nurse and a registered respiratory therapist employed by Defendants at Henry Ford Macomb.

38. Plaintiff KIMBERLY JAQUISH is employed by Defendants as an accounts receivable specialist at Henry Ford Health System Allegiance.

39. Plaintiff KRISTEN NOBLE is currently employed by Defendants as a contingent registered nurse.

40. Plaintiff LAURYN SWIACKI is currently employed by Defendants as a registered nurse at Henry Ford Lakeside.

41. Plaintiff LISA ALLEN is employed by Defendants as a contingent registered nurse at Henry Ford Health Hospital Macomb.

42. Plaintiff LUMINITA WEIDE, is currently employed by Defendants as a radiographer at Henry Ford Medical Center in Sterling Heights, Michigan.

43. Plaintiff, LYNN KUEPPERS is a registered nurse employed by Defendants at Henry Ford Health System Macomb Township.

44. Plaintiff LYNNSEY MCCOY is employed by Defendants as an intensive care unit registered nurse at Henry Ford Hospital Macomb.

45. Plaintiff MARIE GALDES is currently an employed by Defendants as a registered dietitian at Henry Ford Allegiance Hospital.

46. Plaintiff MARLENE RANKIN is currently employed by Defendants as a clinical quality facilitator.

47. Plaintiff MARTHA BUCK is employed by Defendants as a registered nurse and case manager at Henry Ford Health System Allegiance.

48. Plaintiff MELISSA MURPHY is currently employed by Defendants as a registered nurse at Henry Ford Macomb Hospital.

49. Plaintiff MICHELE WILSON is currently employed by Defendants at Henry Ford Hospital Main Campus.

50. Plaintiff MICHELLE LOCKHART is employed by Defendants as a registered nurse at Henry Ford Health System Allegiance Health.

51. Plaintiff Dr. MOEHANID TALIA is a physician practicing internal medicine at Henry Ford West Bloomfield Hospital. Dr. Talia enjoys privileges within the hospital system of which he will be deprived by virtue of the Mandate.

52. Plaintiff NATHAN MIKLUSAK is currently employed by Defendants as a pre/post-op registered nurse at Henry Ford Health System Macomb Hospital.

53. Plaintiff NICOLE BAYONES is employed by Defendants as a radiologic technician at Henry Ford Health System Commerce Medical Center.

54. Plaintiff NICOLE COLLINS is currently an employee of Henry Ford Health System.

55. Plaintiff PATRICIA ANDERSON is currently employed by Defendants as a pharmacy technician at Henry Ford Home Infusion.

56. Plaintiff PAULA LOCKHART is employed by Defendants as a certified pharmacy technician at Henry Ford Health System Wyandotte/Brownstown.

57. Plaintiff ROBERT KUSZA is currently employed by Defendants as a corporate IT solution analyst.

58. Plaintiff SHERRY KAHARI is employed by Defendants as a transformation project specialist at Henry Ford Health System, 1 Ford Place.

59. Plaintiff Dr. STEVEN CROSSLEY is a family practice physician currently affiliated with Henry Ford Health System Wyandotte Hospital.

60. Plaintiff TIFFANY LONG is currently employed by Defendants as a registered nurse at Henry Ford Health System Taylor/Fairlane.

61. Defendant HENRY FORD HEALTH SYSTEM is a Domestic Non-Profit Corporation located within this district at 1 Ford Place 5B, Detroit, Michigan, 48202. As

noted above, HFHS either employs or has contractual relationships with each of the Plaintiffs. HFHS maintains five separate hospitals within the State of Michigan and owns Health Alliance Plan, a health insurance provider.

62. Defendant WRIGHT LASSITER, III is President of HFHS and, pursuant to the Michigan Administrative Code, Rule 325.451171, as its Chief Executive, is responsible for all Human Resources Administration within HFHS. Mr. Lassiter is also a director of HFHS, serves as a director of Health Alliance Plan, Director of Henry Ford Macomb Hospital Corporation, Director of Henry Ford Wyandotte Hospital Corporation, and is a trustee of the Henry Ford Health System Foundation.

63. Defendant ROBERT G. RINEY is Chief Operating Officer for HFHS. Additionally, Mr. Riney serves as a Trustee for Henry Ford Allegiance Health, as a Trustee for Henry Ford Hospital and Health Network, as a Trustee for Henry Ford Macomb Hospital, as a Trustee of Henry Ford Physician Network, as a Trustee for the Henry Ford West Bloomfield Hospital, and as a Trustee for the Henry Ford Wyandotte Hospital.

64. Defendant ADNAN MUNKARAH is Chief Clinical Officer for HFHS. Additionally, Mr. Munkarah serves as Director for Health Alliance Plan, and as a Trustee for Henry Ford Allegiance Health.

65. The individuals listed as Defendants, and potentially others, are key decision makers and are primarily responsible for the unconstitutional acts undertaken and described in this case.

### III.  JURISDICTION AND VENUE

66. This Court exercises subject matter jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction on federal district courts to hear suits arising under the laws and

Constitution of the United States and because this action seeks redress for the deprivation, under color of state law, of the rights, privileges, and immunities secured by the Constitution of the United States, as well as the Court's inherent equitable powers.

67. This Court has the authority to grant the requested declaratory relief under 28 U.S.C. § 2201, and any injunctive relief under 28 U.S.C. § 1343(a).

68. This Court is the appropriate venue for this litigation under 28 U.S.C. §1391(b), (c), and (d) since Plaintiffs' claims arose in Michigan, and the acts complained of occurred in this judicial district, and Defendants reside within this district.

69. Plaintiffs satisfy the "case-or-controversy" requirement of Article III of the Constitution and have standing to sue because they:

> [have] suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3 it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Sproule v. United States FDA, 2018 U.S. Dist. LEXIS 62507 at *7 (S.D.Fl. 2018) (quoting Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Management Dist., 647 F.3d 1296, 1302 (11th Cir. 2011)).

## IV. COUNTS

### COUNT I

### DEFENDANT HFHS HAS VIOLATED 42 U.S.C. § 1983

70. Plaintiffs adopt all of the preceding paragraphs and incorporate them by reference, as if fully set forth herein.

71. The HFHS Mandate violates the liberty protected by the 14th Amendment to the United States Constitution, which provides in pertinent part as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person

of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

72. This amendment conveys to the citizenry of the United States rights of personal autonomy and bodily integrity, see, e.g., <u>Jacobson v. Commonwealth of Massachusetts</u>, 197 U.S. 11 (1905), andthe right to reject medical treatment, <u>Cruzan v. Director, Missouri Dept. Health</u>, 497 U.S. 261 (1990). *Jacobson* recognized an exception where rights are violated, or a mandate is unreasonable for not advancing health:

> If there is any . . . power in the judiciary to review legislative action in respect of a matter affecting the general welfare, it can only be when that which the legislature has done comes within the rule that, if a statute purporting to have been enacted to protect the public health, the public morals, or the public safety, [1] has no real or substantial relation to those objects, or [2] is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution.

73. *Jacobson* has routinely been cited as authority for state mandated vaccination, but it should be noted that it was decided in 1905 and arose from a criminal prosecution. The Court in *Jacobson* was addressing the issue of a vaccine ordinance being a political question. The *Jacobson* Court states:

> "These offers, in effect, invited the court and jury to go over the whole ground gone over by the legislature when it enacted the statute in question… the defendant did not offer to prove that, by reason of his then condition, he was, in fact, not a fit subject of vaccination…" The *Jacobson* decision never gets to the question of efficacy or dangerous side effects of any vaccine. The issue in *Jacobson* was based on a single individual refusing a fine for a local regulation about an established vaccine.

74. The *Jacobson* ruling has been substantially overruled since the time of its issuance. In <u>Planned Parenthood v. Casey</u>, 505 U.S. 833, the Court stated:

11

> *Roe*, however, may be seen not only as an exemplar of *Griswold* liberty but as a rule (whether or not mistaken) of personal autonomy and bodily integrity, with doctrinal affinity to cases recognizing limits on governmental power to mandate medical treatment or to bar its rejection. If so, our cases since *Roe* accord with *Roe's* view that a State's interest in the protection of life falls short of justifying any plenary override of individual liberty claims. *Cruzan v. Director, Mo. Dept. of Health*, 497 U.S. 261, 278, 111 L. Ed. 2d 224, 110 S. Ct. 2841 (1990); cf., *e. g., Riggins v. Nevada*, 504 U.S. 127, 135, 118 L. Ed. 2d 479, 112 S. Ct. 1810 (1992); *Washington v. Harper*, 494 U.S. 210, 108 L. Ed. 2d 178, 110 S. Ct. 1028 (1990); see also, *e. g., Rochin v. California*, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205 (1952); *Jacobson v. Massachusetts*, 197 U.S. 11, 24-30, 49 L. Ed. 643, 25 S. Ct. 358 (1905).

**75.** To reiterate– "a State's interest in the protection of life falls short of justifying any plenary override of individual liberty claims." It must be noted that the Court cites *Jacobson* in its justification for this quote.

**76.** In <u>Guertan v. Michigan</u>, 912 F.3d 907 (2019) the 6th Circuit Appellate Court sets forth the importance of Constitutional bodily integrity theory.

> This common law right is first among equals. As the Supreme Court has said: "No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Union Pac. Ry. Co. v. Botsford, 141 U.S. 250, 251, 11 S. Ct. 1000, 35 L. Ed. 734 (1891)*; cf. *Schmerber v. California, 384 U.S. 757, 772, 86 S. Ct. 1826, [*919] 16 L. Ed. 2d 908 (1966)* ("The integrity of an individual's person is a cherished value of our society."). Absent lawful authority, invasion of one's body "is an indignity, an assault, and a trespass" prohibited at common law. *Union Pac. Ry., 141 U.S. at 252*. On this basis, we have concluded "[t]he right to personal security and to bodily integrity bears an impressive constitutional pedigree." *Doe v. Claiborne Cty., 103 F.3d 495, 506 (6th Cir. 1996).*

**77.** The *Guertan* Court goes on to state:

12

> Thus, to show that the government has violated one's right to bodily integrity, a plaintiff need not "establish any constitutional significance to the means by which the harm occurs[.]" *Boler v. Earley, 865 F.3d 391, 408 n.4 (6th Cir. 2017)*. That is because "individuals possess a constitutional right to be free from forcible intrusions on their bodies against their will, absent a compelling state interest." *Planned Parenthood Sw. Ohio Region v. DeWine, 696 F.3d 490, 506 (6th Cir. 2012)*.

And:

> The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Id. at 229* (citing *Winston v. Lee, 470 U.S. 753, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985)*, and *Schmerber, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908*). And this is especially so when the foreign substance "can have serious, even fatal, side effects" despite some therapeutic benefits.

**78.** Additionally, in 1990, the Supreme Court unequivocally held that the forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Washington v. Harper, 494 U.S. 210, 229, 108 L. Ed. 2d 178, 110 S. Ct. 1028 (1990)*. Still, other cases support the recognition of a general liberty interest in refusing medical treatment. *Riggins v. Nevada, 504 U.S. 127, 118 L. Ed. 2d 479, 112 S. Ct. 1810 (1992)*

**79.** Plaintiffs' claims fall under 42 U.S.C. § 1983, which provides a remedy when a person acting under color of law deprives a Plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. See, e.g., 42 U.S.C. § 1983. To employ § 1983 to secure a remedy for a deprivation of a federally secured right, a Plaintiff must generally show that the alleged deprivation was committed by a person acting under color of state law. See, e.g., West v. Atkins, 487 U.S. 42 (1988); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-77 (11th Cir. 2003). Conversely, purely private conduct is not within the reach of the statute. Focus on the Family, 344 F.3d at 1277. (Id)

80. There are three tests presented in case law to determine when a private party is acting under color of state law. The Public Function Test, State Compulsion Test, and the Nexus/Joint ActionTest, see <u>Focus on the Family</u> (Id.)

81. Defendants have stated that their policy to mandate the COVID-19 vaccine is to ***ensure the health and safety of HFHS employees, patients, visitors, and others.*** (Exhibit A)

82. Ensuring the health and safety of the people of Michigan is a Public Function, traditionally the exclusive prerogative of the State. The State of Michigan has enacted its public health code, MCL 125.3101 et seq., which states as its purpose:

> AN ACT to protect and promote the public health; to codify, revise, consolidate, classify, and add to the laws relating to public health....

83. HFHS has no duty, or right to violate the liberty protected by the Constitution of the United States to fulfill a function of our duly elected State Government. HFHS may not act to implement purely public policy and avoid Constitutional scrutiny when doing so.

84. Private entities have no role in determining policy as it relates to public functions such as, the Administration of Schools, Environmental Health, Law Enforcement, Child Protective Services, Welfare Benefit Administration, and the like. Each of these functions are traditionally, exclusively handled by the public sector. When HFHS undertakes to determine public health policy, it becomes an actor under color of state law exposing its activity to Constitutional review.

85. Plaintiffs seek all remedies available pursuant to Federal Law for the claims states pursuant to Count I of this Complaint.

## COUNT II

**DEFENDANTS' MANDATE HAS VIOLATED 14TH AMENDMENT LIBERTY GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES OF**

AMERICA

86. Plaintiffs adopt all of the preceding paragraphs and incorporate them by reference, as if fully set forth herein.

87. Defendants' Mandate violates the liberty protected by the Fourteenth Amendment to the United States Constitution which includes the right to personal autonomy and bodily integrity as referenced in Count I of Plaintiffs' Complaint.

88. It is a fundamental right to refuse medical treatment. The test is whether it was deemed fundamental in our nation's history legal traditions and practices, <u>Washington v. Glucksberg</u>, 521 U.S. 702 (1997). The Court in *Cruzan* determined that refusal of medical treatment was fundamental.

89. Defendants have no compelling interest that justifies mandatory vaccination, as the novel, gene-modifying injections have been shown to be ineffective, cause injury, and death.

90. Defendants claim the protection of their patients as a goal for the Mandate, but this argument is illogical. If the 'vaccines are effective', the vaccinated bear no risk created by the unvaccinated. In a hospital setting this is even less so, because every unvaccinated individual admitted to the health care facility can be given access to the 'vaccine' upon admission if they so choose. Mandating vaccination has no real, substantial relation to protecting public, or private health.

## COUNT III

## DECLARATORY JUDGMENT

91. Plaintiffs adopt all of the preceding paragraphs and incorporate them by reference, as if fully set forth herein.

92. Plaintiffs seek a declaratory judgment that the Mandate implemented by Defendants is

15

unenforceable because it violates the 14th Amendment of the Constitution United States of America, subjects HFHS employees to physical harm and causes money damages to Plaintiffs.

93.  Defendants' actions are unlawful, arbitrary, and capricious.  Defendants have no legal right to coercively Mandate medical treatment in order to promote "public health".

94.  The protection and promotion of "public health" is traditionally the exclusive prerogative of the State of Michigan pursuant to the Michigan Public Health Code, MCL 125.3101 et seq.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief:

95.  Declare Defendants' Mandate unconstitutional on its face.

96.  Declare Defendants' Mandate unconstitutional as applied to each Plaintiff.

97.  Enjoin Defendants from enforcing the Mandate on its face, or as applied.

98.  Grant Plaintiffs their costs and attorney fees under 42 U.S.C. § 1983, 1988.


Dated: September 4, 2021

Respectfully submitted,


*/s/ Kyle J. VonAllmen*
Kyle J. VonAllmen P-52776
VonAllmen & Associates, PLLC
P.O. Box 1080
Clarkston, MI  48347
Phone:  248-930-8456
kvonallmen@vonallmenlaw.com
Attorney for Plaintiffs


*/s/ Thomas Renz*
Thomas Renz


(Ohio Bar ID:  98645)
1907 W. State St. #162
Fremont, OH  43420
Phone:  419-351-4248
renzlawllc@gmail.com
Attorney for Plaintiffs
(Admission pending *Pro Hac Vice*)